U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Allan Burrage,
    Plaintiff(s)

v.

Slappey Communications, LLC,
    Defendant(s)

Case No: 8:23-cv-1268

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Allan Burrage sues Defendant, Slappey Communications, LLC, and states as follows:

COMMON ALLEGATIONS

1. Plaintiff, Allan Burrage, is an individual resident of Polk County, Florida.

2. Defendant, Slappey Communications, LLC, is a Texas limited liability company with its principal place of business in Vestavia, Alabama.

3. This Court has subject matter jurisdiction over the claims alleged because Counts 1-3 raise questions of federal law (28 U.S.C. § 1331).

This Court has supplemental jurisdiction (28 U.S.C. § 1367) over Count 4 because it raises a Florida state law claim that is so related to Counts 1-3 that it forms part of the same case or controversy under Article III of the United States Constitution.

4. This Court is the appropriate venue for this proceeding because Plaintiff worked for Defendant in Polk County, Florida. A substantial part of the events or omissions giving rise to the claim occurred in Polk County, Florida. In addition, Defendant maintains a place of business in Polk County, Florida.

5. Plaintiff is a member of a protected class. He is disabled and he is an older worker over forty years of age.

6. Defendant's business included providing information technology ("IT") support to its clients, who included diverse businesses such as law firms, doctor's offices, and others.

7. Plaintiff was hired as an employee of Defendant upon Defendant's acquisition of a company Plaintiff was working for in about 2019.

8. Plaintiff worked for Defendant's help desk, fielding calls from Defendant's clients about their IT problems and helping clients resolve those problems.

9. Plaintiff's employment was terminated on or about August 7, 2020.

10. Defendant acted with malice and reckless indifference to the rights of Plaintiff.

11. Plaintiff has been damaged by the Defendant's actions. His damages include, but are not limited to, lost wages, emotional distress, lost benefits, and attorneys' fees and costs.

12. Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), charge number 511-2020-04794, on February 23, 2021, which was within 300 days of his termination.

13. The charge was dual-filed with the Florida Commission on Human Relations ("FCHR") and processed by the EEOC on behalf of the FCHR pursuant to a work-sharing agreement between the EEOC and the FCHR.

14. The EEOC, acting on behalf of the FCHR, failed to conciliate or determine whether there was reasonable cause for the charge within 180 days of the filing of the charge.

15. The EEOC issued Plaintiff a Notice of Rights attached as Exhibit A.

16. This lawsuit has been filed within 90 days of the date Plaintiff received his Notice of Rights.

17. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

## COUNT 1 – ERISA INTERFERENCE

18. This is a cause of action for interference with protected rights under the Employee Retirement Security Act of 1974 ("ERISA") pursuant to 29 U.S.C. § 1140.

19. Plaintiff restates the allegations of paragraphs 1 through 11 and 17, above.

20. The day before his termination, Plaintiff informed Defendant that he needed to make use of Defendant's disability benefit plans due to medical episodes that were eventually determined to be seizures.

21. These plans were maintained by Defendant as employee benefits and are welfare plans subject to ERISA. Generally, such plans provide replacement income if a covered employee cannot work due to a disability.

22. Defendant terminated Plaintiff to interfere with his right to make a claim for disability benefits.

23. Defendant's actions violate § 510 of ERISA, codified at 29 U.S.C. § 1140, which prohibits "interfering with the attainment of any right to which such participant may become entitled under the plan."

### COUNT 2 – ADA DISCRIMINATION

24. This is a cause of action for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* (the "ADA").

25. Plaintiff restates the allegations of paragraphs 1 through 17, above.

26. Plaintiff was discriminated against because of his disability in violation of the ADA, specifically, without limitation, 42 U.S.C. § 12112, which prohibits discrimination "against a qualified individual on the basis of his disability."

### COUNT 3 – AGE DISCRIMINATION IN EMPLOYMENT ACT

27. This is a cause of action for discrimination in violation of the Age Discrimination in Employment Act, 42 U.S.C. § 621 *et. seq.* (the "ADEA").

28. Plaintiff restates the allegations of paragraphs 1 through 17, above.

29. Plaintiff was discriminated against because of his age in violation of the ADEA, specifically, without limitation, 29 U.S.C. § 6223(a)(a), which prohibits discrimination "because of such individual's age."

### COUNT 4 – FLORIDA CIVIL RIGHTS ACT

22. This is a cause of action for discrimination in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 *et. seq.*

23. Plaintiff restates the allegations of paragraphs 1 through 17, above.

24. Defendant was discriminated against because of his age and disability ("handicap" as used in the statute) in violation of the Florida Civil Rights Act, specifically and without limitation Fla. Stat. § 760.10(1)(a).

WHEREFORE, Plaintiff demands a judgment against Defendant and awarding Plaintiff back pay, economic damages, compensatory damages, punitive damages, reasonably attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted June 6, 2023.

/s/ J. Kemp Brinson
J. Kemp Brinson

        Fla. Bar No. 752541
        REED MAWHINNEY & LINK
        53 Lake Morton Drive, Suite 100
        Lakeland, FL 32803
        Office: 863-687-1771
        Mobile: 863-288-0234
        Service emails:
        Kemp@PolkLawyer.com
        JKBService@PolkLawyer.com
        Counsel for Plaintiff